## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONJI M. HALL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PJM-22-145 |
| RONEL LEGRAND, | * | |
| Defendant. | * | |
| | *** | |

### MEMORANDUM OPINION

Self-represented Plaintiff Donji M. Hall brings this civil action pursuant to 42 U.S.C. § 1983 against Ronel Legrand, a correctional officer at the Central Maryland Correctional Facility ("CMCF") in Sykesville, Maryland. ECF No. 1. In the Complaint, Hall alleges that Defendant subjected him to the use of excessive force by spraying him with mace and restraining him with handcuffs. *Id.* at 3. He seeks monetary damages and injunctive relief. *Id.* at 4.

On August 8, 2022, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 12. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Hall that the failure to file a memorandum in opposition to Defendant's Motion could result in dismissal of the Complaint. ECF No. 13. Hall filed nothing further.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion, construed as a Motion for Summary Judgment, will be granted.

### Background

Hall claims that on September 1, 2021, he was placed in a holding cell at CMCF for one day while awaiting transfer to another correctional facility. Compl., ECF No. 1 at 3. According to Hall, the holding cell had no toilet or sink. *Id.* Hall twice asked to use the bathroom but was told by Officer Battle-Smith that he had to wait. *Id.* Subsequently, Hall tied his bed sheets to the

cell bars in order to get some privacy while he urinated in his bowl. *Id.* Thereafter, Defendant approached Hall's cell and Hall again asked to be escorted to the bathroom. *Id.* When Defendant refused to take him, Hall placed his hands in the cell slot and Defendant responded by spraying him with mace, causing Hall to soil himself. *Id.* Defendant then handcuffed Hall and escorted him to a room near the medical unit, where Defendant threatened to spray him with mace again. *Id.* After approximately 20 minutes, Hall was taken to the medical unit for evaluation. *Id.*

Defendant does not dispute that at approximately 10:15 a.m. on September 1, 2021, he saw that Hall had tied sheets to his cell, blocking the staff's view. Decl. of Legrand, ECF No. 12-3 at ¶ 3; Incident Report, ECF No. 12-4. Upon closer inspection, Defendant saw Hall wrapping a sheet around his neck in an attempt to commit suicide. *Id.* Defendant directed Hall to stop, but Hall responded only by saying "I'm going to kill myself." *Id.* After Hall reached through the cell slot and grabbed Defendant's arm, Defendant deployed a one-second burst of pepper spray. ECF No. 12-3 at ¶ 4; ECF No. 12-4. Hall was then handcuffed and taken to the medical unit for treatment. ECF No. 12-3 at at ¶ 5; ECF No. 12-4.

## Standard of Review

Complaints raised by pro se litigants are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), plaintiffs must raise factual allegations that are "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When the moving party styles its motion as a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment," as is the case here, and attaches additional materials to their

2

motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998).

Summary judgment motions are granted when the moving party shows that there is no genuine issue of material fact, therefore entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The district court must view facts in the light most favorable to the nonmoving party, including drawing all "justifiable inferences" in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Material" facts "might affect the outcome of the suit under the governing law," and they constitute genuine issues if there is sufficient evidence for the trier of fact to rule in favor of the nonmoving party. *Id.* at 248.

## Analysis

Hall claims that Defendant used excessive force by spraying him with mace "for no reason." ECF No. 1 at 3. In evaluating this claim, the Court must inquire whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Court must look at the necessity for the application of force, the relationship between that need and the amount of force applied, the extent of the injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Here, Defendant avers, and the incident report reflects, that Defendant sprayed Hall with mace after he saw Hall tying a sheet around his neck and Hall refused to comply with Defendant's

order to stop. Defendant deployed a one-second burst of pepper spray then immediately escorted Hall to the medical unit for treatment.

The Fourth Circuit has previously "determined that the use of mace on an unruly prison inmate was not per se unconstitutional." *Justice v. Dennis*, 834 F.2d 380, 383 (4th Cir. 1987) (citing *Bailey v. Turner*, 736 F.2d 963, 970 (4th Cir. 1984)), *cert. granted, judgment vacated on other grounds*, 490 U.S. 1087 (1989). Where Defendant's use of mace was not prolonged and was carried out only to gain control of Hall after it seemed that Hall was attempting to commit suicide and failed to comply with Defendant's instructions, the Court concludes that the force used by Defendant was applied in a good-faith effort to restore discipline. *Cf. Justice*, 834 F.2d at 383 (concluding that jury could find that use of mace was reasonable where inmate was already handcuffed). Moreover, as Defendant escorted Hall to the medical unit for treatment immediately after the incident, the Court cannot find that Defendant sprayed mace maliciously or sadistically to cause harm. Thus, Defendant is entitled to summary judgment.

## Conclusion

Defendant's Motion, construed as a Motion for Summary Judgment, is granted. A separate Order follows.

12/20/22
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

4